IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CURRAN UNDERWOOD, DJ-0981, )
    Petitioner, )
     )
    v. ) 2:12-cv-312
     )
PENNSYLVANIA BOARD OF )
PROBATION AND PAROLE, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Curran Underwood, an inmate at the State Correctional Institution-Greene has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    On June 30, 2000, Underwood was sentenced in the Court of Common Pleas of Montgomery County Pennsylvania to imprisonment for a term of ten years and nine months to twenty-four years with a minimum sentence expiration date of January 26, 2007 and a maximum sentence expiration date of April 26, 2020.[1] Petitioner was released on parole to a community corrections residence on November 19, 2007.[2] In a supervision report filed on May 6, 2009, it was noted that petitioner was involved in an incident at the Philadelphia airport on September 8, 2008; that on September 26, 2008, he was warned about failing to report a police contact; that he was arrested on new criminal charges on October 18, 2008; that he failed to report as instructed on April 24, 2009 and that he was arrested for the Philadelphia airport incident on April 28, 2009.[3] On October 9, 2009 the Board recommitted him as a technical parole violator to serve 6 months back-time.[4] On February 8, 2010, the Board recalculated his maximum sentence

---

[1] See: Attachment 1 to Exhibit A to the answer of the Commonwealth.
[2] See: Attachment 2 to Exhibit A to the answer of the Commonwealth.
[3] See: Attachment 3 to Exhibit A to the answer of the Commonwealth.
[4] See: Attachment 5 to Exhibit A to the answer of the Commonwealth.

1

expiration date as April 30, 2020.[5] The petitioner was reviewed for parole on August 11, 2010 and September 1, 2011 at which time release was denied for reasons including risk to the community, unsatisfactory parole supervision history, his minimization of the nature and circumstances of the offense; his need to maintain a clear conduct record and participate in prescriptive programs, and his lack of an explanation for the federal charges arising from the airport incident. Reconsideration was scheduled for after July 2012.[6]

Underwood now comes before this Court and contends that his release on parole was arbitrary and capricious; that he was denied his appeal rights and that the denial of release violated due process and equal protection as well as fundamental fairness.[7] Where, as here, a petitioner seeks to challenge the denial of parole on constitutional grounds, there is no exhaustion requirement except in very limited circumstances not relevant here. Defoy v. McCullough, 393 F.3d 439,444 (3d Cir.) cert.denied 125 S.Ct. 2970 (2005).

The present matter can be resolved on the grounds that the petitioner was not denied due process when his parole was denied. The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of release but rather has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's past conduct both inside and outside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged

---

[5] See: Attachment 5 to Exhibit A to the answer of the Commonwealth.
[6] See: Attachments 7 and 8 to Exhibit A to the answer of the Commonwealth.
[7] See: Petition at ¶12.

decision." As discussed above, the petitioner has failed to demonstration any arbitrariness or capriciousness in the Board's determination but rather the record reflects that in fulfilling its charge the Board concluded that the petitioner was not a suitable candidate for parole for the reasons set forth. Indeed, the mandate of the Board is that parole *may* be granted where the best interests of the inmate justify release and it does not appear that the Commonwealth's interests would be injured by such release. 61 Pa.C.S.A. §6137(a).

Because the Board's actions were not arbitrary or capricious but rather soundly grounded in its mandate, this claim does not provide a basis for relief here.

The petitioner's final argument is that his equal protection rights were violated by the Board. As set forth in the Fourteenth Amendment, no state may deny "any person within its jurisdiction the equal protection of the laws." That is "all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 478 U.S. 432, 439 (1985). The Third Circuit has concluded that no "two prisoners could ever be considered" to fall in this category. Taliferro v. New Jersey Parole Bd., 460 F.2d 289, 290 (3d Cir.1972).

In the instant case the petitioner does not demonstrate how he was treated differently from other similarly situated individuals other than alleging that the Board has done so. The determination of whether to grant or deny parole is the exclusive function of the Board. See: 61 Pa.C.S.A. 6132. Accordingly, as a matter of state law, it is not subject to review here. Taylor v. Horn, 504 F.3d 416 (3d Cir.2007), cert. denied 129 S.Ct. 92 (2008).

Thus, because there is no merit to the issues raised by the petitioner in that his continued incarceration is not in any manner contrary to federal law as determined by the Supreme Court, he is not entitled to relief here. 28 U.S.C. §2254(d)(1) and (2). For this reason, the petition of Curran Underwood for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 6th day of June 2012 for the reasons set forth in the foregoing Memorandum, the petition of Curran Underwood is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

                                                              s/ Robert C. Mitchell
                                                              United States Magistrate Judge